IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GAYE LYNN DILEK BREWER,
    Plaintiff,

vs.                                                        Case No.: 3:15cv567/MCR/EMT

PENSACOLA POLICE DEPARTMENT, et al.,
    Defendants.
_____/

## **ORDER and REPORT AND RECOMMENDATION**

Plaintiff Gaye Lynn Dilek Brewer ("Brewer"), a non-prisoner proceeding pro se, commenced this action by filing a civil rights complaint (ECF No. 1). Brewer subsequently filed an amended complaint (ECF No. 6). Also pending is a motion to proceed in forma pauperis (ECF No. 7). Brewer's supporting financial affidavit demonstrates she qualifies to proceed in forma pauperis; therefore, her motion to so proceed will be granted.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N. D. Fla. Loc. R. 72.2(E); *see also* 28 U.S.C. § 636(b)(1)(B)(C); Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Brewer, it is the opinion of the undersigned that dismissal of this action is warranted.

I.	BREWER'S ALLEGATIONS

Brewer appears to name five Defendants:  the Pensacola Police Department ("PPD"), and four officers of the PPD, Assistant Chief Liter, Officer Giorgio, Officer Grantham, and Officer Woods (ECF No. 6 at 1–2).  Brewer alleges she has been the victim of several crimes (antisemitic harassment, theft, vandalism, and assault), and has reported the crimes to Defendants, but Defendants refuse to file charges against the perpetrators (*id.* at 3).  Brewer also alleges she has received three "false warrants" since 1994, and fourteen traffic tickets in the State of Florida, in comparison with her high school friends, who have received none (*id.*).

Brewer brings the following claims against Defendants:  "Federal tort laws for defamation/slander 92.52; Breach of Public Trust; Failure to Right [sic] Reports; Endangerment knowingly; Segretation [sic] due to race; 18 U Code [sic] 232, Police denied reports Cobb, YMCA, Beacon; conspiracy of Rights, 18 US Code 241–242; Color of law Abuses (Failure to keep from Harm), Deprivation of property; illegal pattern and practice; Crime Control Act 1994; 18 US Code 232; Allowing Abuse" (ECF No. 6 at 4).  Brewer seeks declaratory relief (*id.*).

II.	ANALYSIS

Because Brewer is proceeding in forma pauperis, the court may dismiss a claim if satisfied that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id*. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). Within the former are those cases in which it is either readily apparent that a complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit; within the latter are those cases describing scenarios clearly removed from reality. *See* Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990) (citation omitted).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Brewer. Davis v. Monroe Cnty. Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive § 1915(e)(2)(B)(ii), "a complaint must

contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation marks omitted).  A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." Id.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted).  The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id. (citing Fed. R. Civ. P. 8(a)(2)).  The court is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 678 (quotation and citation omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim

"are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

    A.    <u>Section 1983 Claims</u>

Brewer appears to bring claims under § 1983 against the PPD and its officers for failing to investigate and/or arrest perpetrators of certain crimes against her. She also appears to bring an equal protection claim relating to the traffic tickets and "false warrants."

The Supreme Court has held that citizens in Brewer's position do not have a constitutional right to have police officers arrest another citizen. *See* <u>Town of Castle Rock v. Gonzales</u>, 545 U.S. 748, 768, 125 S. Ct. 2796, 2810 (2005) ("[T]he benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause . . . ."); <u>DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.</u>, 489 U.S. 189, 195, 109 S. Ct. 998, 1003 (1989) ("[N]othing in the language of the Due Process Clause itself requires the State

to protect the life, liberty, and property of its citizens against invasion by private actors."); *see also* Lovins v.. Lee, 53 F.3d 1208, 1209 (11th Cir. 1995) ("The Supreme Court has been particularly unreceptive to the [claim] that citizens of this country have a substantive due process right to be protected by government from the lawless among us."). Nor is there any federal statute guaranteeing that state police officers will make an arrest based on a reported crime. And if there is no federal right supporting the first claim, it cannot be a basis for relief under § 1983. *See* Robertson v. Hecksel, 420 F.3d 1254, 1261 (11th Cir. 2005) ("[B]efore § 1983 . . . can come into play, the plaintiff must still establish the existence of a federal right."). Therefore, Brewer's allegations regarding Defendants' failure to conduct investigations or make arrests fail to state a plausible claim under § 1983.

Brewer's allegations also fail to state a plausible equal protection claim. The Equal Protection Clause of the Fourteenth Amendment requires the government to treat similarly situated people alike. *See* City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S. Ct. 3249, 3254, 87 L. Ed. 2d 313 (1985). To state a claim under the Equal Protection Clause, a prisoner generally must allege "that (1) she is similarly situated with other persons who received more favorable treatment; and (2) her discriminatory treatment was based on some constitutionally protected interest

such as race." Jones v. Ray, 279 F.3d 944, 946–47 (11th Cir. 2001) (internal quotations omitted). Thus, in order to assert a viable equal protection claim, a plaintiff must first make a threshold showing that she was treated differently from others who were similarly situated to her. *See* Nordlinger v. Hahn, 505 U.S. 1, 112 S. Ct. 2326, 2331, 120 L. Ed. 2d 1 (1992); Hendking v. Smith, 781 F.2d 850 (11th Cir. 1986). The plaintiff must also allege that the defendant acted with the intent to discriminate against her. *See* McClesky v. Kemp, 481 U.S. 279, 292, 107 S. Ct. 1756, 1767, 95 L. Ed. 2d 262 (1987); E & T Realty v. Strickland, 830 F.2d 1107, 1113 (11th Cir. 1987). Conclusory allegations or assertions of personal belief of disparate treatment or discriminatory intent are insufficient. GJR Inv., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1367–68 (11th Cir. 1998); Coon v. Ga. Pac. Corp., 829 F.2d 1563, 1569 (11th Cir. 1987). The Equal Protection Clause is also implicated in "class of one" claims. Campbell v. Rainbow City, Ala., 434 F.3d 1306, 1314 (11th Cir. 2006). A "class of one" equal protection claim does not allege discrimination against a protected class, but rather it alleges that the plaintiff "'has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" Griffin Indus. v. Irvin, 496 F.3d 1189, 1202 (11th Cir. 2007), quoting Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S. Ct. 1073,

145 L. Ed. 2d 1060 (2000). The same strict "similarly situated" standard applies whether an equal protection claim is brought under a "class of one" theory or a traditional theory of unlawful discrimination. *Id.* at 1204–05. Indeed, the "similarly situated" requirement must be rigorously applied in the context of "class of one" claims. See Leib v. Hillsborough Cnty. Pub. Transp. Comm'n, 558 F.3d 1301, 1306 (11th Cir. 2009).

Here, Brewer's factual allegations do not suggest she was similarly situated with her high school classmates when she received the traffic tickets or when the warrants issued. Therefore, her allegations fail to state a plausible equal protection claim.

B.    Federal Tort Claims

Brewer also asserts a violation of "Federal Tort laws." The Federal Tort Claims Act ("FTCA"), however, is not applicable in this case because none of the Defendants is an employee of the federal government. *See* 28 U.S.C. § 1346(b)(1); *see also, e.g.,* Abuhouran v. Soc. Sec. Admin., 291 F. App'x 469, 473 (3d Cir. 2008) (state actors cannot be sued under the FTCA); Brewer v. Pensacola Police Dep't, No. 3:15cv469/MCR/CJK, 2015 WL 8113253, at *3 (N.D. Fla. Nov. 13, 2015), *Report and Recommendation Adopted by* 2015 WL 8207502 (N.D. Fla. Dec. 7, 2015); Milton

v. Boles, Case No. 3:08cv286/LAC/MD, 2008 WL 5070052, *4 (N.D. Fla. Nov. 24, 2008) ("Plaintiff's allegations cannot support a claim under the FTCA because the defendants are state actors, not federal actors."). Therefore, Brewer's claims under the FTCA should be dismissed.

    C.    Claims Under Federal Criminal Statutes

Brewer asserts claims under federal criminal statutes, specifically, 18 U.S.C. §§ 232, 241, 242, and the Crime Control Act of 1994 (ECF No. 6 at 4). A private individual cannot bring an individual action under a federal criminal statute, because the power to prosecute criminal cases is vested exclusively in the Executive Branch. *See* Higgins v. Neal, 52 F.3d 337 (10th Cir. 1995); Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (noting that "[o]nly the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241–242"); *see also* Dugar v. Coughlin, 613 F. Supp. 849 (S.D.N.Y. 1985) (no private right of action under federal criminal statutes); Powell v. Kopman, 511 F. Supp. 700, 704 (S.D.N.Y. 1981) (same). Therefore, Brewer's claims under federal criminal statutes should be dismissed.

    D.    State Law Claims

Brewer's state law claims should be dismissed without prejudice to her pursuing them in state court. It is well established that once a plaintiff's federal

claims are dismissed, there remains no independent federal jurisdiction to support the court's exercise of supplemental jurisdiction over any state claims against a defendant. *See* Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1352 (11th Cir. 1997). Title 28 U.S.C. § 1367(c)(3) provides that the district court may decline to exercise supplemental jurisdiction over claims after it has dismissed all claims over which it has original jurisdiction. *See also* United Mine Workers v. Gibbs, 383 U.S. 715, 725–26, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966). Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction. Baggett, 117 F.3d at 1353 (citing Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1569 (11th Cir. 1994); Exec. Software N. Am. v. U. . Dist. Court, 15 F.3d 1484, 1493 (9th Cir. 1994); New England Co. v. Bank of Gwinnett Cnty., 891 F. Supp. 1569, 1578 (N.D. Ga. 1995); Fallin v. Mindis Metals, Inc., 865 F. Supp. 834, 841 (N.D. Ga. 1994)). The Eleventh Circuit has encouraged district courts to dismiss any remaining state claims when the federal claims have been dismissed prior to trial. *See* Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004).

Taking these factors into account in this case, the court concludes that any state law claim asserted by Brewer should be dismissed to permit her to pursue it in a more

appropriate forum.  While it would be convenient for Brewer to continue litigating her case in this court, this court has a substantial number of original jurisdiction cases awaiting review, and neither judicial economy nor fairness to other litigants support retaining jurisdiction of Brewer's state claim(s) and delaying justice in other cases.  Furthermore, the state court is best equipped to research and rule on matters of state law, and comity would suggest that it should be allowed to do so.  Moreover, the supplemental jurisdiction statute contains a tolling provision.  *See* 28 U.S.C. § 1367(d) (state claims asserted in federal court along with "related" federal claims "shall be tolled while the claim is pending and for a period of 30 days after it is dismissed"); Personalized Media Commc'ns, LLC v. Scientific-Atlantic, Inc., 493 F. App'x 78, 82 n.1 (11th Cir. 2012) ("'Section 1367(d), giving the plaintiff at least 30 days to re-file in state court after a federal court declines to exercise supplemental jurisdiction, removes the principal reason for retaining a case in federal court when the federal claim belatedly disappears.'") (citation omitted).  In Krause v. Textron Fin. Corp., 59 So. 3d 1085 (Fla. 2011), the Supreme Court of Florida held that Florida state law claims are tolled while they are pending in federal court, and the plaintiff shall have 30 days after dismissal by the federal court to re-file in state court.  *See id.* (citing 28 U.S.C. § 1367).  This is specifically "to prevent the limitations period from expiring"

on any Florida state law claim while it is being pursued in federal court in conjunction with the federal claim. *Id.* at 1091. Therefore, Brewer's pursuit of any state law claim in state court would not be prejudiced by this court's declining to exercise supplemental jurisdiction over those claims.

III.   CONCLUSION

Brewer's allegations fail to state a plausible federal claim; therefore, her federal claims should be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). "Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). Amendment would be futile in this instance, because the facts as alleged in the complaint, viewed in a light most favorable to Brewer, could not be stated in any fashion so as to show that she is entitled to relief. Therefore, the court may dismiss this case without providing opportunity for amendment. With regard to Brewer's state law claims, the

court should decline to exercise supplemental jurisdiction over those claims; therefore, those claims should be dismissed without prejudice.

Accordingly, it is **ORDERED**:

Plaintiff's motion to proceed in forma pauperis (ECF No. 7) is **GRANTED**.

And it is respectfully **RECOMMENDED**:

1. That Plaintiff's federal claims be **DISMISSED with prejudice**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

2. That Plaintiff's state law claims be **DISMISSED without prejudice**; and

3. That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this 28th day of January 2016.

>/s/ *Elizabeth M. Timothy*
>**ELIZABETH M. TIMOTHY**
>**CHIEF UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**